

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~XXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable George B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-6996

Re: Is a foreign mutual assessment life insurance company authorized to do business in Texas under the provisions of Chapter 5, Title 78, Revised Civil Statutes of Texas, 1925, and which has reorganized according to law, liable for gross premium receipts tax collected from Texas assessment policies for each year after its withdrawal from the state, and related questions?

We are in receipt of your request for an opinion of this department in answer to two questions based upon the following factual situation:

"National Aid Association was incorporated in Oklahoma in 1929, as a stipulated premium assessment company. It was licensed in Texas under Chapter 5, Title 78, in March 1929, before the repeal of Chapter 5 in the same year. Later it reorganized and became incorporated as a legal reserve life insurance company under the laws of Oklahoma in June, 1941, and was properly licensed in this State annually thereafter until it voluntarily withdrew from Texas as of August 1, 1942. Up to that time it had written a comparatively small volume of legal reserve policies in Texas, and it has continuously collected premiums both on the policies written during its admission under Chapter 5 and on the legal reserve policies written after its reorganization.

"Reserve Loan Life Insurance Company of Dallas, Texas, is taking over the assets and assuming the liabilities of National Aid Life Insurance Company."

Your first question is as follows:

"We assume that National Aid Life Insurance

Company owes taxes under articles 4769 and 4772
for renewal premiums, collected on its legal reserve
policies from citizens of Texas for each year since
its withdrawal from the State.  Please confirm or
correct me as to this."

Our Opinion No. 0-5438, addressed to the Honorable O.P.
Lockhart, Chairman, Board of Insurance Commissioners and dated
September 21, 1943, fully answers this question and your assump-
tion that the National Aid Life Insurance Company owes taxes
under Articles 4769 and 4772 for renewal premiums collected on
its legal reserve policies from citizens of Texas each year
since its withdrawal from the state as of August 1, 1942, is
correct.  A copy of this opinion is attached.

Under our Opinion No. 0-3196, addressed to the Board of
Insurance Commissioners and approved October 17, 1941, a copy of
which is attached, the Reserve Loan Life Insurance Company of
Dallas, Texas, as the successor to the National Aid Life Insur-
ance Company of Oklahoma, would also be liable for the taxes
previously owed by the latter company, as well as for all taxes
on premiums collected on legal reserve policies from citizens
of Texas after the date of the assumption by it of the liabilities
of the National Aid Life Insurance Company.

Your second question is as follows:

"Please advise me whether National Aid Life
Insurance Company, or its successor, Reserve Loan
Life Insurance Company of Dallas, Texas, is liable
to the State of Texas under article 4782-c, or any
other article, for premiums collected from its
Texas assessment policies for each year after its
withdrawal on August 1, 1942."

Article 4782-c, V.A.C.S., 1925, as amended, is as follows:

"Taxation of premium receipts of foreign
assessment life and casualty companies on reorgani-
zation or amendment of charter.

"That if any foreign assessment life or casualty
company now licensed to do business in this State un-
der the provisions of Chapter V, Title 78, Revised
Civil Statutes of Texas, 1925, as amended by Senate
Bill No. 37, Chapter 40, Acts of 1929, First Called
Session, Forty-first Legislature, as amended by Senate
Bill No. 106, Chapter 60, Acts of 1929, Second Called
Session, Forty-first Legislature, shall hereafter re-
organize, amend its charter or otherwise change its

plan of operation so that it shall no longer be subject to the provisions of said Chapter and other laws than applicable to such companies, <u>it shall thereafter, as to all policies written before such change, be governed and taxed as provided by the particular laws under which it operated and was taxed at the time of such change</u>, but as to all policies thereafter written it shall be governed and taxed under the laws to which it has then become subject by such change. Acts 1939, 46th Leg., p. 424, §1." (Emphasis ours)

It will be noted from the emphasized portion of the foregoing Article that the reorganized company shall "Thereafter, as to all policies written before such change, be governed and taxed as provided by the particular laws under which it operated and was taxed at the time of such change" and, therefore, National Aid Life Insurance Company would be liable for the one (1) percent gross premium receipts tax provided for by Section 2 of Article 4782, V.A.C.S., 1925, as amended on all premiums and/or assessments collected from Texas policyholders on all mutual assessment policies issued prior to June, 1941, being the date of its reorganization and conversion into a legal reserve life insurance company under the laws of Oklahoma. This liability is imposed by the provisions of Article 4782-c, above referred to, when construed with the provisions of Article 4772, R.C.S., 1925.

Since the Reserve Loan Life Insurance Company, as successor to National Aid Life Insurance Company, assumes the liabilities of the latter company, it will be liable for all taxes due and owing by the latter company under Article 4782-c up to the date of the assumption of the liabilities and will in the future be liable for the taxes on the premiums and/or assessments to be collected.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By s/C.K. Richards
C.K. Richards
Assistant

CKR:vwb:wc

APPROVED JAN 11, 1946
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman